IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LE-VOI D. EASTERWOOD,

                    Petitioner,

     v.                                    CASE NO. 03-3095-SAC

CHARLES SIMMONS, et al.,

                    Respondents.


**O R D E R**

Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. By an order dated November 21, 2003, the court dismissed the petition as time barred. On August 12, the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability, 28 U.S.C. § 2253(c), and dismissed petitioner's appeal.

Before the court is petitioner's motion for relief from judgment[1] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner acknowledges that he filed his petition well outside the limitations period imposed by 28 U.S.C. § 2244(d)(1), but claims this court failed to consider whether petitioner's claim of actual innocence entitled him to equitable tolling of that

---

[1] Petitioner states that he seeks relief from the "judgment or order that was handed down for a procedural default of the plaintiff's petition on the 7th day of January 2004." (Doc. 17, p.1). The order entered by this court on January 7, 2004, stated that no certificate of appealability would be issued for petitioner's appeal. The court liberally construes petitioner's instant motion as seeking relief from the judgment entered on November 11, 2003.

limitations period.

The court initially finds the instant motion for relief from judgment does not constitute a second or successive habeas petition requiring transfer to the Tenth Circuit Court of Appeals. *See* Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 (2005)("If neither the [60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's [ ] conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules [concerning the filing of a second or successive § 2254 petition]."); 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court).

The court next finds petitioner is entitled to no relief from the judgment entered in this matter.

A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, or to advance new arguments which could have been presented in the parties' original motion papers.[2] Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000);

---

[2] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000). The court thus finds petitioner's assertion of equitable tolling for the first time in his post-judgment motion is not appropriate for consideration under Rule 60(b).[3]

Moreover, the Tenth Circuit Court of Appeals specifically noted that petitioner "[did] not present any argument that he filed for federal habeas relief within the one-year limitation period or that this clock somehow should have been tolled," and found petitioner had waived "any potential challenge to the district court's holding." (Easterwood v. Simmons, Appeal No. 03-3373, p.2 (10th Cir. June 8, 2004)(unpublished opinion). Although "a district court may consider a Rule 60(b) motion to reopen a decision that has been affirmed on appeal when the basis for the motion was not before the appellate court or resolved on appeal," FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1273 (10th Cir. 1998), petitioner identifies no circumstances which prevented him from raising his equitable tolling claim to this court or in his appeal. Accordingly, the appellate

---

[3] Nor is there obvious merit to petitioner's argument that his claim of innocence entitles him to equitable tolling of the limitations period in 28 U.S.C. § 2244(d)(1) where there is nothing to suggest petitioner was diligent in asserting such a claim. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied*, 531 U.S. 1194 (2001). *See also*, *See* Felder v. Johnson, 204 F.3d 168 (5th Cir.)(mere claim of innocence, with no showing of factual innocence, does not constitute "rare and exceptional" circumstance for equitable tolling), *cert. denied*, 531 U.S. 1035 (2000).

3

court's mandate controls and petitioner's waiver of such a claim cannot be remedied through a motion for relief from judgment under Rule 60(b).

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of June 2006, at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge